ALLEN *vs.* THE STATE OF GEORGIA.

Where irregular conduct charged by affidavits upon the jury, is overwhelmingly contradicted by counter-affidavits, and it is made clearly to appear that the defendant was not injured, and could not have been injured, by any conduct which actually occurred, the verdict of the jury should not be disturbed.

New trial.    Jurors.    Before Judge POTTLE.    Glasscock Superior Court.    February Term, 1878.

Reported in the opinion.

JAMES WHITEHEAD ; J. T. JORDAN ; B. A. LANE, for plaintiff in error, cited 5 *Ga.*, 86, 145, 149 ; 56 *Ib.*, 653.

R. N. ELY, attorney-general ; SEABORN REESE, solicitor-

general, for the state, cited 45 *Ga.*, 282 ; 14 *Ib.*, 8.

JACKSON, Judge.

The motion for a new trial in this case is based upon irregularities of the jury, and not upon any error in admitting evidence or charging the jury by the court, nor upon the frequent ground that the verdict is contrary to the weight of the evidence.   The sole question made by counsel for defendant, and pressed here, is that the conduct of the jury charged with the cause was so irregular and unseemly that the defendant was thereby hurt, or might have been hurt.

The first irregularity complained of is that the jury spent one night in the clerk's office and had access to the Code of 1863.   This is admitted, but it is shown by affidavits of all the jury that not a line of that Code was read, and not a line of any book whatever.

Again, it is said by defendant that one of the jury conversed with one Kelley apart from the others; this is denied by the affidavit of the juror, and of others, and that the truth appears to be that he only said to Kelley in passing, that "some of us are taking our ease," and did not pause to say that.

Again it is said that the windows of the jury-room were but fifteen feet from the ground, and were open during the deliberations of the jury, and that one of the jury—Dunham—spoke to some one outside from the window. On the contrary, all the jury swear that the windows were closed until the verdict was agreed upon, and then Dunham did call out from the window to a colored man, one of his employees, to " bring his mule up town."

The last allegation is that the juror, Logue, went to the well, and there conversed with one Smallwood.   The defense has two affidavits to this, Smallwood and another, but it is denied by the juror, by the two bailiffs, and the balance of the jury.   Therefore Smallwood and the other were probably mistaken, and it seems that Smallwood was drunk.

Even if the conversation did take place, the defendant was not hurt, and could not have been, because two affidavits show that, pending the trial and before it begun, Smallwood was a friend of defendant and for his acquittal, and tried to get the bailiff to exert himself to procure his acquittal.

The rule of law is that if affidavits are made which show that the conduct of the jury was so irregular that the defendant was, or could have been, injured by that conduct, then the state must rebut fully and clearly, and satisfy the court that he was not injured, and could not have been injured, by such conduct. In this case the evidence is overwhelming, to our minds, that there was no improper conduct, that the defendant was not hurt by anything which really occurred, and could not have been hurt.

Judgment affirmed.